IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY BILEK, individually and on behalf of others similarly situated, | ) ) ) | Case No. 1:18-cv-2888 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| BLUE CROSS AND BLUE SHIELD ASSOCIATION, | ) ) ) ) | **Jury Trial Demanded** |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

1.  Plaintiff Mary Bilek brings this action against Defendant Blue Cross and Blue Shield Association ("Blue Cross"), to secure redress for unsolicited robocalls made for purposes of selling Blue Cross goods and services, and for noncompliance with the "Internal Do Not Call" provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

## INTRODUCTION

2.  Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread telecommunications abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes…. Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

3. As is relevant here, federal law under the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

4. Defendant Blue Cross caused multiple automated calls to be made to Plaintiff's cell phone without her consent, and Plaintiff files this class action complaint on behalf of herself and others similarly situated, seeking relief from Defendant's illegal calling practices.

## PARTIES

5. Plaintiff Mary Bilek is a natural person who resides in Cook County, Illinois.

6. Defendant Blue Cross and Blue Shield Association is a national provider of primarily insurance-related products, which is headquartered at 225 Michigan Avenue, Chicago, Illinois 60601.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

8. The Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Blue Cross has its headquarters in Chicago, Illinois, does business in this District, made the calls that are the subject of this lawsuit to

Plaintiff and others in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## FACTS

9. Defendant caused autodialed and prerecorded-voice calls to be made to the cell phones of Plaintiff and other consumers, without the prior express consent of the called party.

10. On information and belief, the equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator (and to dial such numbers), but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers on the calls that are the subject of this case and engaged such during those calls. These calls were made with equipment capable of dialing numerous phone numbers in a short period of time without human intervention, as part of an automated process.

11. Defendant also employed unattended messages in calls to Plaintiff and the class; that is, messages that were recorded ahead of time, and then automatically played when the recipient or her voicemail picked up.

12. Many of the people to whom Defendant made or caused to be made autodialed or prerecorded-voice calls never expressly consented to receive such calls, including Plaintiff.

13. On information and belief, many of these individuals were sent more than one call, and Defendant lacks an adequate system for preventing autodialed or prerecorded-voice calls to phones for which it does not have consent.

14. Blue Cross has insufficient policies, practices or procedures, training or other compliance mechanisms in place to prevent the making of calls to persons who have requested not to receive calls. Alternatively and additionally, Blue Cross does not adequately adhere to

whatever policies, practices, procedures, training or other compliance mechanisms that it does have.

15. On information and belief, Blue Cross caused these calls to be made to Plaintiff and the other members of the class defined below intentionally. Its state subsidiaries having paid millions of dollars to settle other TCPA cases in the past, Blue Cross is well aware of the TCPA's prohibitions against use of autodialers, artificial or prerecorded voice in calls to consumers and provisions concerning internal do not call, but made the business decision to make these calls, anyway.

### Facts Relating to Plaintiff

16. Blue Cross and/or some vendor on its behalf called Plaintiff's cellular telephone number from caller ID (312) 586-9362 on April 11, 2018, and left the following voicemail message:

> ... our new, low-cost, high-quality health plans. Press "1" and act now to speak with a Blue Cross agent. To stop further notices, press "2" to be placed on the do-not-call list.

17. Blue Cross' call to Plaintiff's cell phone number was made using an artificial or prerecorded voice, as evidenced by its awkward pacing and intonation that audibly differed from a "live" human voice, as well as its instruction that Plaintiff "press 1" or "press 2;" commands that only computers can comprehend.

18. Upon information and belief, Plaintiff received other calls from or on behalf of Blue Cross, too. Blue Cross continued to call Plaintiff's phone multiple times after she directly asked that calling cease, including by leaving the above voicemail message.

19. Blue Cross' calls to the cell phones of Plaintiff and others were made using an automatic telephone dialing system ("autodialer" or "ATDS") under the TCPA. The equipment

had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. In other words, no human being physically dialed each digit of Plaintiff's and the other class members' telephone numbers to call their phones—the calls were made using equipment with the capacity to dial a large number of phone numbers in a short period of time, without human intervention. The equipment used to call Plaintiff and the other class members sequentially or randomly accessed their stored telephone numbers, and automatically called them.

20. Defendant did not have permission or consent to make the calls.

21. Defendant knew it did not have Plaintiff's consent to make some or all of these calls.

22. Plaintiff and the class have been damaged by Defendant's calls. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the calls. Defendants' calls were annoying and a nuisance, and wasted the time of Plaintiff and the class. *See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls).

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action under Federal Rules of Civil Procedure 23(b)(2) and (b)(3), on behalf of two classes and a subclass consisting of:

> Robocall Class: All persons in the United States whose cellular telephone number Blue Cross or some vendor(s) on its behalf called using an artificial or prerecorded voice or the same or similar dialing system used to call Plaintiff, where Blue Cross did not have before such call a signed, written agreement with the recipient that included a clear and conspicuous disclosure informing the person signing that: (A) By executing the agreement, such person authorizes Blue Cross to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (B) The person is not

required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

<u>Internal Do Not Call Class</u>: All persons who received two or more call from or on behalf of Blue Cross, whose residential numbers Blue Cross or some vendor(s) on its behalf called for purposes of trying to sell goods or services.

> <u>Subclass</u>: All persons who received one or more calls on their residential line after having notified Blue Cross or any vendor thereof that they did not wish to receive calls.

24. Upon information and belief, there were more than 100 persons in each class, as well as in the subclass.

25. Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

   a. Whether the calls to Plaintiff and the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

   b. Whether the calls to Plaintiff and the class were made using an artificial or prerecorded voice as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

   c. Whether Blue Cross had prior express consent to call the cell phone numbers of Plaintiff and the other members of the class;

   d. Whether Blue Cross's internal do not call compliance mechanisms, if any, were sufficient to provide it a valid affirmative defense pursuant to 47 C.F.R. § 64.1200(d); and

   e. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other members of the class are entitled

to treble damages under 47 U.S.C. § 227(b)(3).

26. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of Blue Cross' liability to Plaintiff and the other members of the class are the same: Blue Cross violated the TCPA by causing automated calls to be made to the cellular telephone number of each member of the class, without permission, or caused outbound telemarketing calls to be made even though it did not have compliant internal Do Not Call processes.

27. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and she has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

28. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

29. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

30. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even

realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

31. The identity of the class is, on information and belief, readily identifiable from Defendant's records.

## COUNT I
### Robocall Violations of the TCPA, 47 U.S.C. § 227

32. Plaintiff re-alleges and incorporates the all allegations as if fully set forth herein.

33. The above acts and omissions violate the TCPA prohibitions against making prerecorded and autodialed calls to cellular telephones.

34. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

35. Defendant initiated or caused to be initiated calls to the cellular telephone numbers of Plaintiff and the other members of the class defined below using an automatic telephone dialing system, as well as with an artificial or prerecorded voice.

36. These calls were made without regard to whether or not Defendant had previously obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the class when the calls were made.

37. These calls were willful or knowing.

38. Blue Cross violated the TCPA by making non-emergency calls to the cell phones of Plaintiff and others using an automatic telephone dialing system or an artificial or prerecorded

voice, without prior express consent.

39. To the extent that some of the calls to Plaintiff and the class were made by vendors of Blue Cross. Blue Cross is liable for those calls, too.

40. As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the class were harmed and are each entitled to a minimum of $500 in damages for each violation; treble damages if violations are found to have been willful. Plaintiff and the class are also entitled to an injunction against future calls. 47 U.S.C. § 227(b)(3).

41. Because Blue Cross knew or should have known that Plaintiff and the other members of the class had not given prior express consent to receive its automated calls to their cell phones—and/or willfully caused automated calls to be made to the cell phones of Plaintiff and the other members of the class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the class, pursuant to Section 227(b)(3) of the TCPA.

## COUNT II
### "Internal Do Not Call" Violations of the TCPA, 47 U.S.C. § 227

42. Plaintiff re-alleges and incorporates the all allegations as if fully set forth herein.

43. The above acts and omissions constitute violations of the Internal Do Not Call provisions of the TCPA.

44. Blue Cross violated the TCPA by making telemarketing calls to residential lines when it did not have sufficient internal mechanisms to prevent calling telephone numbers that were or should have been on its internal do not call list.

45. To the extent that some of the calls to Plaintiff and the class were made by vendors of Blue Cross. Blue Cross is liable for those calls, too.

46. These calls were willful or knowing.

47. As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the class were harmed and are each entitled to a minimum of $500 in damages for each violation; treble damages if violations are found to have been willful. Plaintiff and the class are also entitled to an injunction against future calls. 47 U.S.C. § 227(b)(3).

48. Because Blue Cross knew or should have known that it was violating the internal do not call provisions of the TCPA, willfully caused telemarketing calls to be made anyway, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the class, pursuant to Section 227(b)(3) of the TCPA.

WHEREFORE, Plaintiff Mary Bilek, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

> A. Certification of the class as alleged herein;
>
> B. A declaration that Blue Cross violated the TCPA as to Plaintiff and the class;
>
> C. Damages, pursuant to 47 U.S.C. § 227(b)(3);
>
> D. Injunctive relief, pursuant to 47 U.S.C. § 227(b)(3), aimed at ensuring the prevention of Blue Cross from violating the TCPA in the future, including for example:
>
>> 1. Requiring Blue Cross to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Blue Cross' outbound calls – including calls originating from lead generators – to ensure

                    that Blue Cross had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis for no less than five years; and

        2. Complying with the TCPA under pains of contempt.

E.     Attorneys' fees and costs, as permitted by law; and

F.     Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: April 23, 2018

MARY BILEK, individually and on behalf of others similarly situated

By:  */s/ Alexander H. Burke*

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*

**Document Preservation Demand**

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or artificial or prerecorded voice calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

                                                                  */s/ Alexander H. Burke*